IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50084
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES COX,

Defendant-Appellant.


_____

Appeal from the United States District Court for the
Western District of Texas
(MO-95-CR-50-14)

_____

October 27, 1997
Before GARWOOD, DeMOSS and PARKER, Circuit Judges.[*]

PER CURIAM:

Defendant-appellant James Cox (Cox) appeals his sentence
following a guilty plea for conspiracy to obtain moneys, funds,
assets, and other property owned by, and under the custody and
control of, a financial institution by means of materially false
and fraudulent pretenses, representations, and promises in

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of 18 U.S.C. § 1344(2).

Prior to sentencing, Cox claimed that the Government had breached its plea agreement with him by failing to move for a downward departure and requested that the district court either set aside the plea agreement or compel the Government to move for a downward departure. The district court found that Cox failed to prove, by a preponderance of the evidence, that the Government breached its plea agreement with him. On appeal, Cox claims that the Government committed itself to move for a downward departure and that its refusal to do so was a breach of the plea agreement. He further argues that the Government entered into the plea agreement in bad faith, never intending to fulfill its part of the bargain.

As our precedents make clear, "where the plea agreement expressly states that the government retains 'sole discretion' over the decision as to whether or not to submit a motion, we have held that a refusal to do so is reviewable only for unconstitutional motive." *United States v. Price*, 95 F.3d 364, 368 (5th Cir. 1996) (footnote omitted). The plea agreement in the case at bar specifically states that "[t]he parties recognize, stipulate and agree" that the decision to file a motion for downward departure "lies within the sole discretion" of the Government. The record does not support Cox's assertion that the Government entered into the plea agreement in bad faith. Further, Cox has failed to direct

2

this Court to any evidence in the record that would indicate that the Government's decision not to move for a downward departure was the product of a malign, let alone a constitutionally impermissible, motive. Accordingly, we hold that the district court did not err in refusing to abrogate the plea agreement.

In his plea agreement, Cox specifically waived his right to contest issues regarding the calculation of his sentence and restitution. The record indicates that this waiver was knowing and voluntary. As we have previously recognized that the statutory right to appeal may be waived as part of a plea agreement, *see United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992), we decline to address Cox's claims of alleged error in the determination of his sentence.

Finally, Cox argues that the district court's failure to admonish him at sentencing of his right to appeal as required by Rule 32(c)(5) constitutes reversible error. Given that Cox waived his right to appeal, it is not clear that the district court erred in failing to admonish Cox. Assuming, *arguendo*, that there was error, we hold that any error made by the district court in failing to inform Cox of any unwaived appellate rights was harmless. *See United States v. Garcia-Flores*, 906 F.2d 147, 148-49 (5th Cir. 1990).

For the foregoing reasons, the judgment of the district court is

AFFIRMED.